Case 4:24-cv-02619   Document 5   Filed on 05/12/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
May 12, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DANIELLE TARBER § | |
| § | |
| *Plaintiff,* § | |
| VS. § | CIVIL ACTION NO. 4:24-cv-2619 |
| § | |
| BRIAN COLLIER, et al, § | |
| § | |
| *Defendants.* § | |

**ORDER**

Pending before the Court is a Motion to Dismiss Plaintiff Danielle Tarber's ("Plaintiff") Original Complaint, (Doc. No. 1), filed by Defendants Brian Collier ("Collier"), Texas Department of Criminal Justice ("TDCJ"), and Craig Schmidt ("Schmidt"), (collectively, "Defendants"). (Doc. No. 4). Plaintiff filed no response. The Court **GRANTS** the motion and **DISMISSES** Plaintiff's claims against Defendants TDCJ, Collier, and Schmidt. (Doc. No. 4).

I.  **Background**

Plaintiff Danielle Tarber brings this § 1983 suit on behalf of her son, Terrance Smith, Jr., who died in the Memorial Unit of the Texas Department of Criminal Justice. (Doc. No. 1 at 5). On July 12, 2022, Smith was discovered hanging in his cell and was pronounced dead. (*Id.*). Plaintiff alleges that he was murdered, but that his death was ruled a suicide as the result of a cover-up by several inmates and prison guards. (*Id.*). Plaintiff alleges that Smith was the victim of several assaults by inmates and TDCJ employees based on his prior gang affiliation and later desire to change his life. (*Id.* at 6). Based on the death of her son, Plaintiff sues numerous defendants for violation of her son's First, Eighth, and Fourteenth Amendment rights. (*Id.* at 7–12).

Leading up to his death, Plaintiff alleges that Smith was in several altercations with other gang-affiliated inmates. (*Id.*). Due to his concern for his own safety, Plaintiff alleges that Smith sought medical and mental health care—even at one point claiming that it was an emergency—but was denied medical attention. (*Id.* at 7). Additionally, Plaintiff alleges that a witness heard guards and inmates enter his cell and assault him on the day of his death. (*Id.*). Finally, in addition to the alleged murder of her son, Plaintiff alleges that it was "widely known that TDCJ guards were lacing the water at the Memorial Unit with methamphetamine[s]" during Smith's incarceration. (*Id.* at 6).

## II.   Legal Standard

A defendant, may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 609 F.3d 673, 675 (5th Cir. 2007). The court is not bound to accept factual

assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678-79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

### III. Analysis

The Court finds that Plaintiff's claims against TDCJ are barred by Eleventh Amendment immunity, and Plaintiff's claims against Collier and Schmidt in their individual capacities are not adequately pleaded. As such, the Court **GRANTS** the motion to dismiss. (Doc. No. 4).

#### A. Texas Department of Criminal Justice

Sovereign immunity bars actions against a state or a state official for money damages unless Congress has abrogated such immunity, or the state has specifically waived its immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Importantly, Congress did not abrogate the states' sovereign immunity when it enacted § 1983. *Id.* Further, the State of Texas has not waived its sovereign immunity for purposes of § 1983 actions. *See NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 393–94 (5th Cir. 2015) ("Federal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it. Texas has not consented by statute, and § 1983 does not abrogate state sovereign immunity.") (cleaned up); *see also Flowers v. Collier*, No. CV H-24-4375, 2025 WL 673444, at *3 (S.D. Tex. Feb. 28, 2025).

The Eleventh Amendment also bars a suit against a state official when "the state is a real, substantial party in interest." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984) (citations omitted). As such,

> [t]he general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter. And, as when the State

3

itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief.

*Id.* (citations omitted). Thus, because Plaintiff's claim against TDCJ is based on § 1983, Eleventh Amendment immunity bars it. Plaintiff's claims against TDCJ, therefore, are hereby **DISMISSED with prejudice**.

### B. Craig Schmidt

While Plaintiff lists Craig Schmidt as a defendant in this lawsuit, the Complaint mentions Schmidt exactly twice. First, the Complaint states that "Craig Schmidt on July 12, 2022, was a Criminal Investigator with the Texas Department of Criminal Justice—Office of the Inspector General and an employee of the State of Texas and is being sued in his individual capacity." (Doc. No. 1 at 2). Second, the Complaint alleges that "Defendant Craig Schmidt investigated the incident." (Doc. No. 1 at 5). Those two sentences are the only references to Schmidt in the entire Complaint. As such, Plaintiff has not alleged any recognizable claim against Schmidt. To the extent that Plaintiff intended to assert a claim against Schmidt, that claim is hereby **DISMISSED without prejudice**.

### C. Brian Collier

The Complaint alleges that the claims against Brian Collier, the Executive Director of TDCJ, are individual-capacity claims. (Doc. No. 1 at 2).[1] Construing the Complaint as seeking to hold Collier responsible for the actions of his subordinates, Plaintiff still fails to state a claim. Under § 1983, supervisory officials are not responsible for the actions of their subordinates on a

---

[1] The actual allegations against Collier, however, seem to be based on his status as "a policymaker, and head authority figure for TDCJ and in that capacity established policies, procedures, customs, and/or practices . . . which were moving forces behind and proximately caused the violations of Mr. Smith's constitutional and federal rights as set forth herein and in the other claims . . . ." (*Id.* at 9). As such, the claims are likely more appropriately deemed against Collier in his official capacity. Nevertheless, because Plaintiff pleaded the claims as individual-capacity claims, the Court will treat them as such.

4

theory of either vicarious liability or *respondeat superior*. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002); *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). Instead, only the direct actions or omissions of government officials will give rise to individual liability under § 1983. *See Alton v. Tex. A & M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999). Plaintiff, therefore, may not hold Collier individually liable based on actions taken or not taken by prison officials.

While supervisors may not be liable under § 1983 for the actions of their subordinates, they may be held liable for their own actions. To state a claim against a supervisory official under § 1983, the plaintiff must allege facts showing either: (1) the supervisor's personal involvement in a constitutional deprivation; (2) a causal connection between the supervisor's wrongful conduct and a constitutional deprivation; or (3) the supervisor's decision to implement an unconstitutional policy that resulted in a violation of the plaintiff's constitutional rights. *See Thompkins*, 828 F.2d at 303–04; *see also Gates v. Tex. Dep't of Prot. & Reg. Servs.*, 537 F.3d 404, 435 (5th Cir. 2008).

Plaintiff has not alleged a claim under any of these standards. First, she does not allege that Collier was personally involved in any of the alleged actions. Plaintiff's allegations about Collier are entirely predicated on his role in "develop[ing] and maintain[ing] policies, procedures, customers, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens," which resulted in the Smith's death. (Doc. No. 1 at 9). Second, as Plaintiff does not allege any specific actions of Collier, there can be no causal connection between his conduct and Smith's death. Third, Plaintiff does not identify any policy implemented by Collier that is so deficient as to be unconstitutional. Plaintiff's claim that Collier's leadership—or lack thereof—resulted in unconstitutional actions by *others* is precisely the kind of supervisory liability that is unsupported by § 1983. *Oliver*, 276 F.3d at 742.

5

Likewise, the failure to adopt a policy or practice may be the basis for liability only "when it is obvious that the likely consequences of not adopting a policy will be a deprivation of constitutional rights." *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) (quoting *Rhyne v. Henderson Cnty*, 973 F.2d 386, 392 (5th Cir. 1992)). Liability for failing to adopt a policy exists only if the defendant acted with deliberate indifference in failing to adopt the policy. *Id.* To show deliberate indifference, the plaintiff must allege facts showing that official "disregarded a known or obvious consequence of his action." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Plaintiff has not articulated a policy that Collier adopted, or a policy that Collier *should have* adopted that would have prevented the alleged facts. Further, Plaintiff has alleged nothing to suggest that Collier could have possibly known that the alleged murder of Smith was the "obvious consequence" of his failure to adopt the unspecified policy. Thus, Plaintiff has failed to allege sufficient facts to plausibly support her claim against Collier in his individual capacity. The individual capacity claims against Collier are therefore **DISMISSED without prejudice**.

### IV. Conclusion

Upon consideration of the pleadings, the Court **GRANTS** the motion to dismiss. (Doc. No. 4). Plaintiff's claims against Texas Department of Criminal Justice are **DISMISSED** with prejudice. Plaintiff's individual-capacity claims against Craig Schmidt and Brian Collier are also **DISMISSED** without prejudice. To the extent that Plaintiff intends to continue prosecution of her case, her claims against the other defendants remain live.

Signed this 12 day of May, 2025.

Andrew S. Hanen
United States District Judge